## KEENAN *v.* O'BRIEN *et al.*

*(Supreme Court, Special Term, New York County.* September 10, 1888.)

DEPOSITION—OF WITNESS FOR USE ON MOTION—PRESENCE OF ATTORNEYS—CROSS-EXAMINATION.

Under Code Civil Proc. N. Y. § 885, which provides that where a party intends to make or oppose a motion, and it is necessary for him to have the affidavit or deposition of a person, not a party, to use upon the motion, the court may make an order appointing a referee to take the deposition of that person, where the witness appears before the referee, refuses to answer on the advice of the opposing party's attorneys, but afterwards objection to the examination is withdrawn, and the attorneys disclaim, under oath, having interfered with its due course, they will be allowed to be present, but not to cross-examine the witness.

At chambers. Motion to compel witness to answer, and to exclude counsel for defendants from the examination.

Action by John Keenan against John O'Brien and another for a share in profits of certain contracts. Alfred J. Whitton, a book-keeper of the defendants, having refused to make an affidavit for use upon a proposed motion by the plaintiff, an order was procured for his examination before a referee, under Code Civil Proc. § 885, which provides that where a party intends to make or oppose a motion, and it is necessary for him to have the affidavit of a per-

son, not a party, to use upon the motion, the court may make an order appointing a referee to take the deposition of that person. He appeared before the referee, but refused, by advice of defendants' attorneys, to answer various questions put to him by plaintiffs' attorney. Defendants also claimed the right to be present by counsel at the examination, and to cross-examine the witness, whereupon this motion was made to compel the witness to answer, and to exclude the defendants' counsel from the examination.

*George Bliss*, for plaintiff.     *Edward T. Lovatt* and *Chauncey S. Truax*, for defendants.

PATTERSON, J.   It was conceded on the argument that Mr. Whitton must answer the questions. The examination having proceeded thus far in the presence of the defendants' attorneys, there can be no reason for excluding them now. Their disclaimer, under oath, of having interfered with the due course of examination, is satisfactory. I do not think they are entitled to cross-examine Mr. Whitton. The whole proceeding is *ex parte,* and is made none the less so because the aid of the court has been invoked to require a person to make an affidavit who would not voluntarily do so. *Brooks* v. *Schultz*, 3 Abb. Pr. (N. S.) 124, is not a controlling authority. That case is also reported in the regular reports of the superior court,—5 Rob. (N. Y.) 656,; and the opinion of another judge who sat in the case there given is in conflict with that reported in 3 Abb. Pr. (N. S.)  The defendants are not deprived of any right. They can procure from the person examined any affidavit that may be necessary to explain or supplement what he states, and, if he refuses, they can compel him to make one without any interference on the part of the plaintiff.